UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHARLES VEST WILLIAMSON, #1034988,

    Petitioner,

v.                                     Case No. 2:10CV522

HAROLD W. CLARKE,[1]

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

Petitioner Charles Vest Williamson ("petitioner" or "Williamson") is a state prisoner serving a total sentence of 106 years. (ECF No. 1 at 1); (ECF No. 7-3 at 5). Petitioner states that, in 1992, he was convicted of first degree murder. (ECF No. 1 at 1).

---

[1] Harold W. Clarke, Director of the Virginia Department of Corrections, is the proper respondent to this petition for writ of habeas corpus and is hereby SUBSTITUTED as respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases. The Clerk is DIRECTED to update the docket sheet accordingly.

1

However, a review of Williamson's sentence summary submitted by respondent reveals that his offenses also include attempted murder, possession of cocaine, and firearm offenses. (ECF 7-3 at 5-7).[2] Williamson states that he filed a direct appeal and it was denied. (ECF No. 1 at 1). Williamson became eligible for discretionary parole on March 29, 2001. (ECF No. 7-3 at ¶ 6). Since that time, the Virginia Parole Board has reviewed petitioner for parole six times—in 2001, 2004, 2007, 2008, 2009, and 2010. On each occasion, the Board denied parole citing the serious nature and circumstances of the offenses. In 2008 and 2009, the Board also cited petitioner's prior failures under community supervision indicating that he was unlikely to comply with conditions of parole, as well as petitioner's prior offense history indicating a disregard for the law. (ECF No. 7-3 at 12-16). Petitioner was most recently denied parole on May 10, 2010 due the serious nature and circumstances of the offenses, prior failures under community supervision, and the crimes committed. (ECF No. 7-3 at 17).

---

[2]The petition does not contain many details regarding Williamson's underlying criminal convictions, his parole eligibility date, and the subsequent denials of parole; however, respondent has submitted documents that clarify these dates and the issues that form the basis of Williamson's claims. Although the Court looks to these documents incorporated by reference, the Court need not construe respondent's motion as one for summary judgment. Oliver v. Scott, 276 F.3d 736, 743 n.7 (5th Cir. 2002) ("We could justify looking beyond the pleadings by converting the Rule 12(b)(6) order into a dismissal at summary judgment. That is not necessary in this case. We look only to the specific [documents] in an effort to construe the complaint liberally. The complaint itself is deficient.").

In March 2010, Williamson filed a petition for writ of habeas corpus in the Supreme Court of Virginia. This petition alleged that the Virginia parole laws are unconstitutional. The Supreme Court of Virginia, citing <u>Carroll v. Johnson</u>, 685 S.E.2d 647, 652 (2009), dismissed Williamson's habeas petition on the ground that "habeas does not lie in this matter." <u>Williamson v. Director of the Dep't of Corr.</u>, Record No. 100511 (May 26, 2010). Williamson's petition for rehearing was denied on September 22, 2010.

On October 19, 2010, Williamson, proceeding <u>pro se</u>, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. In his federal petition, Williamson raises six grounds for relief under both Virginia law and the United States Constitution, all related to his claim that provisions of the Virginia parole laws are unconstitutional—specifically, Virginia Code §§ 53.1-136(1), -136(2)(a),[3] and -155.[4] In summary, he claims that provisions of

---

[3]Section 53.1-136 states, in relevant part:

In addition to the other powers and duties imposed upon the [Virginia Parole] Board by this article, the Board shall:

1. Adopt, subject to approval by the Governor, general rules governing the granting of parole and eligibility requirements, which shall be published and posted for public review;

2. (a) Release on parole for such time and upon such terms and conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those persons become eligible and are found suitable for parole, according to those rules adopted pursuant to subdivision 1; . . . .

3

the Virginia parole laws violate the Fourteenth Amendment in that they are vague, undefined, and vest the Virginia Parole Board with unfettered authority constituting a violation of separation of powers. For relief, he seeks a declaratory judgment that several provisions of the Virginia parole laws violate the Fourteenth Amendment, and that respondent is holding petitioner in custody in violation of the Fourteenth Amendment. Williamson also seeks release from custody. Id. at 38.

On December 6, 2010, respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Williamson was given an opportunity to respond to respondent's Motion to Dismiss with any material that he wished to offer in rebuttal. Williamson filed his response on December 17, 2010. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

---

⁴Section 53.1-155 states, in relevant part:

A. No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interest of society or of the prisoner . . . .

4

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In other words, "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes and the Court agrees that, for purposes of federal review, Williamson's claims have been exhausted.

Respondent's concession on exhaustion, however, is accompanied by the claim that the Supreme Court denied Williamson's habeas claim on the merits. As a result, respondent has moved to dismiss on the ground that the Supreme Court's dismissal is entitled to deference

under § 2254(d).[5] Having read the Supreme Court of Virginia's order and the case on which it principally relies—Carroll v. Johnson—the undersigned finds that the Supreme Court of Virginia did not decide the merits of Williamson's state habeas petition.

In its one-paragraph order dismissing Williamson's state habeas petition, the Supreme Court simply states that "habeas does not lie in this matter." The Supreme Court neither discussed the merits of the grounds alleged in Williamson's petition nor provided any explanation as to why state habeas review is unavailable to him. However, language of the Carroll opinion cited to by the Virginia Supreme Court in dismissing Williamson's petition makes it clear that the court determined that it was unable to consider the merits of Williamson's claims in a habeas petition.

Prior to Carroll, Virginia's habeas jurisdiction was limited to those cases which asserted a prisoner's right to be immediately released from custody. The Carroll case extended habeas jurisdiction in Virginia to cases which might affect a prisoner's duration of confinement but would not necessarily result in his

---

[5]Section 2254(d) provides that, once a petitioner's state remedies have been exhausted, a federal court entertaining an application for a writ of habeas corpus may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

immediate release. Noting the limits of its holding, the court wrote:

> Our holding [abrogating the "immediate release rule"] does not extend habeas corpus jurisdiction to cases in which an order entered in the petitioner's favor will only give rise to a possibility of reducing the petitioner's term of imprisonment. Thus, disputes which only tangentially affect an inmate's confinement, such as . . . challenges to parole board decisions . . . are not proper matters for habeas corpus jurisdiction because an order entered in the petitioner's favor . . . will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.

685 S.E.2d at 652. Thus, Carroll expressly limits habeas jurisdiction in Virginia, and excludes from it general challenges of the type Williamson has framed.

In Boger v. Young, 2010 WL 4861616, at *4 (W.D. Va. Nov. 23, 2010), the District Court considered an order dismissing a state habeas petition similar to the one disposing of Williamson's state habeas petition. In Boger, the District Court also found that the Supreme Court of Virginia did not render its decision on the merits, stating: "The point here is simply this: [the Supreme Court of Virginia] clearly indicated that its decision was not based on the underlying merits but rather on the unavailability of habeas." Id. Likewise, the Supreme Court of Virginia order dismissing Williamson's state habeas petition was not based on a review of the merits of his claims and therefore § 2254(d) does not apply.

7

While the Virginia Supreme Court has specifically held that it did not have habeas jurisdiction to examine the general constitutionality of parole review as presented by Williamson, the issue of whether such claims are properly brought in a federal habeas petition is less clear. In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court held that challenges to parole eligibility proceedings that would not necessarily result in speedier release could be brought as a civil rights action pursuant to 42 U.S.C. § 1983. Id. at 82 (observing that § 1983 is appropriate for prisoners' claims which would not necessarily result in speedier release, and thus do not lie at "the core of habeas corpus"). The Fourth Circuit has noted that, after Wilkinson, "[i]t is not entirely clear whether a habeas petition under [§ 2254] may also provide an avenue for such a challenge. However, Wilkinson does not expressly foreclose the use of § 2254 to bring such a challenge." Townes v. Jarvis, 577 F.3d 543, 550 n.4 (4th Cir. 2009). Citing Wilkinson and Townes, respondent argues that Williamson's claims are not cognizable in a § 2254 petition and should be brought pursuant to § 1983.

There are two problems with this argument. First, as discussed above, under current Fourth Circuit precedent, § 1983 is not the exclusive remedy for such claims. Moreover, the undersigned found no District Court opinion within the Fourth Circuit declining habeas jurisdiction in challenges to the Virginia parole scheme on the basis

that § 1983 provides the sole avenue for relief. Second, unlike the plaintiffs in <u>Wilkinson</u>, Williamson is seeking immediate release from confinement—relief not cognizable in a § 1983 action. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").[6] Thus, while most of Williamson's claims may properly lie in a § 1983 action, his claim for release on the basis of Virginia's allegedly unconstitutional parole system is quintessentially and exclusively within the purview of the writ of habeas corpus. As it appears the Fourth Circuit still permits a habeas challenge to parole proceedings, it remains to determine whether Williamson has stated one. He has not.

"Federal courts may not issue writs of habeas corpus to state

---

[6]Under federal caselaw, when determining whether a challenge to a parole scheme is more properly brought in a § 1983 action or habeas petition, a reviewing court must consider whether success would result in the prisoner's immediate release from custody. <u>See</u> <u>Wilkinson</u>, 544 U.S. at 81 ("Throughout the legal journey from <u>Preiser</u> to <u>Balisok</u>, the Court has focused on the need to ensure that state prisoners use only habeas corpus . . . when they seek to invalidate the duration of their confinement—either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody) (emphasis in original). In contrast, the Supreme Court of Virginia appears to view all challenges to the parole statutes in Virginia as ones which, if successful, would result only in the correction of a specific error and further determination by the Board, and not in the prisoner's immediate release from custody. <u>See</u> <u>Carroll</u>, 685 S.E.2d at 652.

prisoners whose confinement does not violate federal law." Wilson v. Corcoran, ___ U.S. ___, 131 S. Ct. 13, 14 (2010) (per curiam). The violation of federal law alleged by Williamson is a general claim that Virginia's grant of rulemaking authority to the Board offends the Due Process Clause of the Fourteenth Amendment. In asserting this ground for relief, Williamson bears a heavy burden for "[i]t is difficult to imagine a context more deserving of federal deference than state parole decisions." Vann v. Angelone, 73 F.3d 519, 521 (4th Cir. 1996).

In his petition, Williamson essentially assumes that he has a protected liberty interest in being paroled; however, the mere existence of a parole system does not create any interest protected by the Due Process Clause. See generally Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1978). Recognizing that "[i]f parole determinations are encumbered by procedures that states regard as burdensome and unwarranted, [states] may abandon or curtail parole," id. at 13, federal courts have treaded lightly in cases dealing with state parole and deferred to state agencies applying state law, Vann, 73 F.3d at 521-23. "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created 'a legitimate claim of entitlement' to some aspect of parole." Id. at 522 (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)). This deference

10

applies to both parole decisions and decisions with respect to determining a prisoner's eligibility for parole consideration. Id.

Generally, the parole scheme in Virginia creates no such claim of entitlement to parole because the decision to parole a prisoner is "a discretionary one which is dependent on subjective evaluations and predictions of future behavior." Gaston, 946 F.2d at 344 (citing Greenholtz, 442 U.S. at 10). The discretionary nature of the decision to parole a prisoner therefore precludes the notion that a prisoner has a liberty interest in being paroled subject to the protections of the Due Process Clause. However, the Virginia parole statutes do create a right to be considered for parole, which is protected by statutory safeguards. The Court of Appeals for the Fourth Circuit has held that the Virginia statutes governing the manner in which a prisoner is considered for parole confer on the prisoner an interest in liberty. Franklin v. Shields, 569 F.2d 784, 790 (1978). Therefore, because the right to fair parole consideration involves the prisoner's liberty, parole proceedings are subject to the protections of the Due Process Clause. Id.

However, "[b]ecause parole release proceedings are not part of a criminal prosecution, a prisoner is not entitled to the full panoply of rights accorded a defendant at trial. Instead, the prisoner's rights must be determined by balancing the importance to him of specific safeguards against the burden on the government." Id. at

11

791 (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). In balancing the interests of the prisoner and the government, the Fourth Circuit determined that "the minimum requirements of procedural due process appropriate for the circumstances must be observed." Id. at 790. In balancing the interests of the prisoner against those of the government, the court in Franklin outlined several procedural safeguards required by the Due Process Clause, including a requirement that the Board publish guidelines of the type Williamson now seeks to invalidate. Franklin, 569 F.2d at 791. The Fourth Circuit subsequently held that, at most, such minimal procedures would also include providing the prisoner with a reason for the denial of parole. Vann, 73 F.3d at 522; Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986). Williamson does not allege that the Board failed to publish guidelines. To the contrary, he expressly acknowledges published guidelines which are substantively identical to those approved by the Fourth Circuit in Franklin. (ECF No. 1 at 32-33). Respondent has also submitted the affidavit of a member of the Virginia Parole Board—Rudolph C. McCollum, Jr.. Attached to the affidavit are the Parole Decision Factors from the Parole Board Policy Manual. According to Mr. McCollum, these factors were approved by the Governor in 1997 and are used by the Board on every occasion an individual is considered for parole. (ECF No. 7-3 at 2 and 8-11). Further, Williamson has

not claimed he was not provided with a reason he was denied parole. In fact, respondent has submitted the "not grant letters" prepared by the Virginia Parole Board on each occasion Williamson was denied parole. Each letter specifies the reasons the Board denied him parole. See (ECF No. 7-3 at 12-17). As a result, Williamson has not alleged any claim that—if successful—would entitle him to release.

Although not expressly stated by the Fourth Circuit in Townes, the various other claims which Williamson has alleged, including his general challenge to the standards adopted by the Board, are not proper habeas claims. Given the limited liberty interest created by Virginia's system of discretionary parole, Vann, 73 F.3d at 522, and the regulations published by the Board pursuant to the legislature's grant of authority under § 53.1-136, the undersigned finds it unlikely that those standards encroach on any constitutional protection. As far as Williamson's habeas petition is concerned, however, it is sufficient to note the fallacy in his claim that invalidating an allegedly unconstitutional system authorizing his early release would result in his early release. It would not. Because Williamson has presented no claim that he is being held in violation of the Constitution or laws of the United States, and no claim that Virginia's administration of its system of discretionary parole infringed a protected liberty interest, the undersigned

13

recommends the petition be denied.

## III. RECOMMENDATION

The undersigned recommends that Williamson's habeas petition be DENIED and respondent's Motion to Dismiss be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report and Recommendation to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

3. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S.

140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/  
Douglas E. Miller  
United States Magistrate Judge

DOUGLAS E. MILLER  
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia  
May 24, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Charles Vest Williamson, #1034988
Powhatan Correctional Center
3600 Woods Way
State Farm, VA 23160

Richard Carson Vorhis
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

By: /s/ *signature*

Fernando Galindo,
Clerk of Court

Deputy Clerk

May 05, 2011